IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LADEREK REYNOLDS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | No. 3:25-cv-3487-K-BT |
| | § | |
| AUSTIN STREET CENTER, et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiffs LaDerek Reynolds and Alicia J. Lyons have filed a civil action in which they appear to accuse Defendants of intentionally serving them contaminated food and making them sick. *See generally* Compl. (ECF No. 3). Having reviewed the pleadings and the relevant law, the undersigned recommends that this action be dismissed for lack of subject matter jurisdiction.

**Background**

Plaintiffs LaDerek Reynolds and Alicia J. Lyons filed a formal grievance with Austin Street Center—a local homeless shelter—complaining that volunteers closed lunch early and were rude when Plaintiffs complained. *Id.* at 4. Nearly two months later, Reynolds was diagnosed with a bacterial disease. *Id.* at 5. And Lyons suffered a miscarriage after that, with doctors attributing the cause to "bacterial vaginosia." *Id.*

1

Plaintiffs blame Austin Street Center for their conditions. *See id.* at 5–6. They claim that volunteers intentionally gave them contaminated food in retaliation for Plaintiffs' complaints and formal grievance. *Id.* at 5. Plaintiffs therefore raise several claims on behalf of themselves and the child they lost: assault, battery, reckless endangerment, attempted murder, manslaughter, negligence, breach of duty, and breach of Occupational Safety and Health Administration (OSHA) standards. *Id.* at 5–6.

Plaintiffs request relief amounting to $750 million. *Id.* at 6.

## Legal Standard

Federal courts are courts of limited jurisdiction; "[t]hey possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: 1) an action "arising under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331; or 2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, *see* 28 U.S.C. § 1332.

Regarding federal question jurisdiction, the most common cases "arising under" federal law "are those in which federal law creates the cause of action." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). In rare situations, a case may arise under federal law "where the vindication of a right

2

under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 9 (1983).

In cases invoking diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.' " *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam). " 'The failure to adequately allege the basis for diversity jurisdiction mandates dismissal.' " *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

While pleadings by *pro se* plaintiffs are construed liberally, *see, e.g.*, *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002); *Mass v. McDonald's Corp.*, 2004 WL 2624255, at *2 (N.D. Tex. Nov. 12, 2004), the court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted). And "even though a particular statute or rule need not necessarily be cited by name[,]" the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; jurisdiction cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (citations omitted). "[C]ourts are not obligated to search out the identity of

3

a party's vaguely-pleaded claims." Mass, 2004 WL 2624255, at *2. Ultimately, "[t]he plaintiff is the master of his own pleadings, and even a *pro se* litigant has the right to plead himself out of court, just as an attorney may do." Estrada v. Dominguez, 2001 WL 506982, at *2 (N.D. Tex. May 14, 2001).

Federal courts do not have to—and in fact, should not—wait for a Rule 12(b)(1) motion to determine whether subject matter jurisdiction exists. On the contrary, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The court "is duty-bound to examine its subject-matter jurisdiction *sua sponte*." Burciaga, 871 F.3d at 384 n.4; *see also* Ins. of Ir., Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982) (explaining that while under Rule 12(h) defenses for lack of personal jurisdiction are waived if untimely, even an appellate court may review subject matter jurisdiction sua sponte).

## Analysis

In the present action, there is no diversity of citizenship. Rather, Plaintiffs and Defendants are all citizens of Texas. Accordingly, this Court only has subject matter jurisdiction over Plaintiffs' claims if they arise under the Constitution, laws, or treaties of the United States. But Plaintiffs cannot make such a showing.

Plaintiffs bring two categories of claims: (1) intentional torts and negligence; and (2) violations of OSHA standards. Neither bestows jurisdiction upon this Court.

4

First, Federal courts lack jurisdiction over state tort causes of action. *See Burgess v. Feghhi,* 2007 WL 9710178, at *3 (W.D. Tex. Oct. 30, 2007), *rec. adopted*, 2007 WL 9710219 (W.D. Tex. Dec. 26, 2007). Second, "[t]he Fifth Circuit Court of Appeals has recognized that there is no private right of action arising out [of an] alleged violation of OSHA regulation[s]." *Parker v. ASRC Omega Natchiq,* 2008 WL 4974584, at *7 (W.D. La. Nov. 20, 2008), *aff'd*, 332 F. App'x 219 (5th Cir. 2009) (citing *Valdez v. Joy Technologies,* 29 F.3d 623 (5th Cir.1994); *George v. Aztec Rental Center, Inc.,* 763 F.2d 184, 186–187 (5th Cir.1985); *Dixon v. Boise Cascade Corp.* 163 F.3d 1355 (5th Cir.1998)).

For these reasons, the Court should dismiss this action for lack of subject matter jurisdiction.

## Leave to Amend

"Rule 15 is a liberal standard that favors leave, but that preference has no purchase when amendment cannot cure the defect." *Ellsworth v. Dallas Texas Dep't of Veteran Affs.,* 160 F.4th 161, 169 (5th Cir. Nov. 20, 2025) (O'Connor); *see also Sanders v. Deluxe,* 2025 WL 3491013, at *3 (N.D. Tex. Nov. 14, 2025) (Rutherford, J.), *rec. adopted*, 2025 WL 3488340 (N.D. Tex. Dec. 4, 2025) ("Ordinarily, a pro se plaintiff should be granted the opportunity to amend her complaint prior to a dismissal."). But leave to amend is not required when the plaintiff has already pleaded his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767-68 (5th Cir. 2009).

Here, this Court lacks subject matter jurisdiction over Plaintiffs' claims. They cannot cure this defect in an amended pleading. Therefore, granting leave to amend would be futile and cause needless delay. Plaintiffs' complaint should be dismissed without prejudice.

## Recommendation

The District Judge should dismiss this action without prejudice for lack of subject matter jurisdiction.

**SO ORDERED.**

February 18, 2026.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).